Good morning. Welcome to the 11th circuit. We're very happy to have you here with us today. We're going to just quickly run through the lighting system. I'm sure you're familiar with it already, but when the yellow light goes on, that means you've got two minutes left. When the red light goes on, your time is up. We ask that you please respect the time limits and cease speaking when the red light goes on. But the only exception to that is if we have questions for you, we do want to hear the answers. So even if that takes you over the red light, please go ahead and answer the questions. We have one case today to be heard, and that is the case of Tray v. Florida State Board of Education. We'll hear first from Ms. Menchel. Good morning. May it please the court. Brooke Menchel for the appellants. In May 2023, Governor DeSantis signed a law that provided, quote, if a parent disagrees with the determination made by the district school board on the objection to use of specific material, a parent may request the commissioner of education to appoint a special magistrate. That statutory language provides a facially viewpoint neutral way for parents to express concern and disagreement about a key element of their child's education. But in implementing the statute, the Florida Board of Education intentionally tilted the discussion and in doing so excluded parents, like the appellants here, who hold a different perspective. As implemented, whether parents who disagree with the school board decisions can engage with the state depends entirely on whether they disagree with removing material or disagree with not removing material. No case in this court or the Supreme Court supports that type of thumb on the scale for one side of the debate. The inquiry can end there. But even if the court goes further and engages in a forum analysis, there's no reasonable explanation for excluding parents who disagree with particular objections from a forum specifically and explicitly created to allow parents to voice disagreement with the handling of such objections. Would you think the answer was different if only the first step of the process existed? Right? I think the board has asserted an interest in making sure that parents can raise objections to books that do not qualify for or that are banned by state law, right? If there were just a one-step process that allowed any parent to complain about a book and then the decision of the local board was what it was, right, would that be a problem? I just want to make sure I'm following your hypothetical, Your Honor. So the question is, if the complaint or objection at this local level is what it is, which is all reasons to remove books, that is currently how the statutory language reads. Right, but then there was no, there was no opportunity to appeal either way, right? It was more of a notification system in a way. Would you have a problem with that from a First Amendment perspective? I think, Your Honor, that if it was a notification, perhaps... Or even an objection, right? Like a, we think this book is bad for these reasons. Please make sure that you consider whether it's consistent with state law. So I think, Your Honor, when you get into the for these reasons piece of the hypothetical you just offered, that's where the First Amendment protected language and protected expression comes in. Here, if we look at, if we look at Honeyfund, if we look at any of, many of these courts other precedents, it provides the answer that when you have to look at the content of the message that you're trying to convey to determine whether or not it's permissible, that becomes viewpoint discriminatory. Doesn't that come closer, though, to the idea of it's, it's kind of a tool, an enforcement tool, but then the board, so the local district still, you know, takes into account the objection and makes whichever decision it will make. I mean, I see why you're making that point, but I wonder if that's something more like, you know, a complaint process, right? Because I guess you could also, I guess you could say, well, you can also say what books you think are great, but I'm not sure what, what purpose that would serve. So I think, Your Honor, this is the, the government has made the argument this is like a tip line, which I think is somewhat similar to the hypo you're asking, and I think, unlike a tip line, this is specifically created as an opportunity for parents to express their perspectives and opinions, their disagreement, etc., etc., and that's clear from not just the statute, but also the parental request form that the state, that the State Board of Education has promulgated and made available to parents. It asks things like why the parent objected to certain material, whether they see any value in the material, whether they recommend the material for particular age groups. That is at the Pelham's brief at 11 and note 7. And so I think when you're getting into that kind of request for opinions and expressions, what you're really asking for is parents to weigh in on the important, the types of important societal and core fundamental issues that are First Amendment protected. And, I mean, let me ask you, I guess there are certain criteria here, some of which seem, you know, not debatable as they should, you know, they're not a problem under the First Amendment. For example, pornographic, you know, if there's something that's pornographic or whatever. But then there are other sort of squishier categories, like inappropriate for the the age level. And that obviously necessarily involves balancing of the allegedly objectionable material with any kind of redemptive value, any educational value that the material might have. Right? Yes, Your Honor. And I think that's right. I also think, though, that the question is less about the content of the books or even necessarily the the objections. And it's more about the fact that these parents wanted to voice their disagreement with actions by a local, an arm of their local government. In Moms for Liberty, the court, this court has talked about the importance of local government and that how that's often school board specifically and how that's often the entry point and the closest point for parents who are engaging with their governments. And that's what the parents here wanted to do. They wanted to express their disagreement with actions taken by the local government to the state. And the state excluded them from doing so because they think because of that difference I was talking about between removing and not removing a book. And that's a core viewpoint issue. The appeals process is open to only people with one point of view is your point. Correct, Your Honor. You say in your briefing that it's viewpoint based because it's the statute favors those who share the state's viewpoint. Your Honor, the rule, the regulation. Right. The statute is viewpoint. The regulation does. But the appeals process, which is what you are pointing to, that your clients are excluded from that appeals process, doesn't that necessarily mean that the state and the objecting parent don't share the same view? I mean the objecting parent has objected to a book and the state has said we disagree with you. And so then the disagreeing parent can take it to a magistrate. So how is, how are the state and the objecting parent aligned on viewpoints? Certainly, Your Honor. So I would say a few things. The, even though it is the government, the distinction between the viewpoint is, in that instance that you just set forth, is a difference between the local school board and the parent. Because the local school board presumably decided they did not want to remove the book. And the parent wanted them to remove the book. And they come to the state, but the state has already, by limiting access to the forum, based entirely on statutorily limited objections. And all of the statutory limited, excuse me, statutorily described objections are reasons for removing a book. None of the statutory objections, none of the ways to get in in the first place, would allow a parent who favors not removing a book to object at the local school board level. So because the state has said in order to ask for a special magistrate, you have to essentially say, I favor removing this book. That's a core viewpoint that, that has been endorsed. Isn't it even more than that though? Because there's a financial penalty to the local school district if it, if it goes ahead and denies the objection, it must pay for the costs of any appeal, right? Even if it turns out that it's right. Yes, that's right, Your Honor. So there's a financial incentive to remove books. That's correct, Your Honor. Instead of doing it based solely on the criteria, even to the extent that the criteria are, you know, even assuming they're objectively determinable. Yes, that's right, Your Honor. I would argue that even if there was no financial incentive, it would still be viewpoint discriminatory because it would prevent the appellants and, and hear from exercising their First Amendment rights. But certainly the fact that there is a financial incentive to remove the books is, is problematic. So the district court disagreed with you and said this was a status-based, not viewpoint-based restriction. So I know you've said it's, it's irrelevant what the content of the books are, but you could have a parent who says, I want to remove a book because I think it has a sexual content that is inappropriate for the age group. But you could also have a parent who says this, I want to remove this book because it has religious teachings on sex that I disagree with. So they're both could arguably, the objection could fall into the statutory checklist of problems. But those would be two very different viewpoints. So why is the district court not correct that this is not, in fact, a viewpoint? All viewpoints can weigh in on this, but it's just the, the status of the, of being an objecting party that's at issue? Because, Your Honor, the, the relevant viewpoint is the viewpoint of whether you disagree with a decision to remove or not remove. It's actually not about the books at all. And you can see that by changing out what the book is. The parents here would have been excluded based on their viewpoint, no matter what books they oppose removing. If a parent, for example, disagrees with a local school board's decision to remove Goodnight Moon, they would be excluded from the state review process. But if they disagree with not removing it, they can engage with the state. And so when you look at a book like that, and the same is true of any little engine that could, whatever, if you look at that type of a situation, you see that it's really not about the underlying books, but it's about whether they disagree with removing or not removing. That makes all the difference here. Structurally, is the special magistrate considered a state officer? Like, how would you characterize the role of that within the state structure? So, Your Honor, as I understand it, and my opposing counsel may have a more comprehensive answer, but excuse me, is that it is a person who is appointed by the Board of Education. And certainly the Board of Education has involvement in setting up that process, and under the rule has the final say in whether to adopt the special magistrate, the special magistrate's findings or not. But that's all somewhat beside the point, because the point here is that the parents wanted to express their disagreement. I understand that completely, but I'm trying to, I understand your point about the parents' viewpoints. But so the state magistrate is ultimately, there has to be sought by the district, but ultimately appointed by the state board. And then the state board decides what to do with the special magistrate's decision. The special magistrate has to be sought by a parent who opposed the decision not to remove. Right, but then the district has to pay for that, right? The district has to pay for it. Right, but the state magistrate ultimately is reporting to the state board. That is my understanding. They submit their report to the state board. Okay, and does the state board have statutory authority already to tell a particular district what books it can and can't use? I think, Your Honor, that has perhaps evolved a little bit over the years since this case was filed, and I'm not sure I have a comprehensive answer to that. I think that it may be in some instances, but for the most part, it is to the districts, as long as they are complying with the rules around whether or not something violates the law. So absent this statute, if a parent or anyone else believed that a book violated the statute, right, what was the process before this law was put in place? So I believe that it would be, the parent would go through the local school district process. My understanding is local school districts have slightly different processes, but under a different provision of the same statute that's not at issue or is not challenged here, there's some requirements for the local process has to include. So a parent would go through the local process, and after that local process, after they had exhausted that local process, there was no additional state-created mechanism for appealing. So perhaps they have a basis to go to district court or state court, but it wasn't part of... I mean, I guess that's the question. Was there any enforcement mechanism for the state before? Or any authority of the state to... These are two separate questions, but A, was there a way to enforce this law? And B, was there any separate authority for the state to make certain judgments of its own about what qualified under the law? So I think to the first part of your answer, I think that the objections, many, maybe most, maybe all, of the statutory objections that are at issue here came into place at the same time, through the same law. And I think in terms of an enforcement mechanism, I don't think there was sort of a formal process like the one here. Perhaps there are other... I would assume that there are other mechanisms that the state could use if they are, for example, people are exposing children to improper material. There might be other mechanisms outside of this context, but there wasn't something, as far as I'm aware, certainly not that's in the record here, about an enforcement mechanism for complying with the objections. Okay. And... Shoot, I had a question. Now it's gone. I guess a lot of my questions are going to kind of the idea of how Florida's system is set up with local school control versus state. I know certainly the state has more control by far, I would say, in the early grades through high school than it does in college and beyond. But I'm just curious how that operated before. Maybe I'll ask your friend on the other side who may have some more information about that. Yeah, I think, Your Honor, that it's not in the record in part because it's sort of immaterial to this particular system that they created that does distinguish based on whether you disagree with removing or not removing. And I guess I would just say all of that is somewhat beside the point because once the state decided to actually create an opportunity for parents to voice their disagreement, they didn't have to in the first instance, but once they did, they had an obligation to operate it in a viewpoint-neutral fashion, and they're just not doing that now. Last question. This is the one I was thinking of earlier. How... I do think, at a minimum, it makes it administratively simple to restrict the appeal to the parent who lost, essentially, their first case, whereas if the parent wins, then there's likely not one parent who disagrees with removing the book. There might be five or 10 or 50. How would you maintain an administrable process if you also allowed a wider variety of people to engage in that process? Your Honor, I mean, I take your point, but I guess I would say the statute reads as it does, that the reason that this was created was to allow parents to voice their disagreement with the decisions by local school districts on the outcome of whether or not to maintain a book, and that was the statutory reasoning, and that's the guide here. And so I was wrong when I said that was my last question because I have another one. I do think that there's some tension between the regulatory process and the statute, speaking only for myself. Is it... What do you think First Amendment doctrine says about whether a kind of forum process can be reasonable if it's also different than the statutory demand, right? I think what they're saying, this is a very reasonable way to carry out this statute, but can it be reasonable if it's not, in fact, doing what the statute says? I think, Your Honor, it cannot, and I would point you to United States v. Hernandez 107F4 at 972, which talks about where if the statute's purpose is relevant at all, the best evidence of that is the statutory text. So going back to that same language in the statutory text, I think dictates the decision here because this is the purpose that it was created for. This is the purpose that the legislature adopted this process in the first instance. Do we need to look to the statutory purpose to determine whether we are going to conduct a forum analysis? No, you don't, Your Honor. The question of viewpoint discrimination, you can decide without reaching the statutory purpose at all. And so you probably thought you were going to get a chance to sit down now. No, no problem. We got all day. That's the pitfall of being the only case on the docket. We do, too. So my question is this. If, hypothetically, we were to strike down the regulation, and would you have an objection to the statute as it currently reads, which, as you know, as it currently reads, it still allows for an objection by a parent who doesn't want the reading material, but then there has to be a public meeting where anybody can be heard, right? And then, with respect to the appeal, the language seems like it could be construed to allow an appeal by either the parent who made the objection or another parent who objects to the sustaining of the objection. So my question for you is, would striking down the regulation take care of the problem as you understand it? Or is there, even in the absence of the regulation, if Florida were required to construe the statute in the way that the text seems to be amenable to, which is either side can appeal, would that take care of the problem? Assuming I'm following your question correctly, Your Honor, I believe it would. The statute is facially viewpoint neutral. There's no question about that. There's no challenge to this on facial grounds. It was entirely as implemented in terms of the statute itself. It's the rule itself that's the problem. I would, yeah. Thank you. All right. We took you way over, so we're going to give Mr. Lawson an extra 10 minutes to compensate for that. I would say you are under no obligation to use all of that time, but based on how we've been asking questions, you may or may not wind up needing it. We'll see. Very good. May it please the Court. This case is not about suppressing ideas, and it's not about suppressing viewpoints. It's not about closing public debate. It's about a very narrow administrative oversight process created to ensure that local school boards comply with the law and do not retain banned material, prohibited material, and that's for the protection of minors. In order to understand that what I just said is true, you have to understand fully how the process works, and it is a complex interaction between the administrative rule and the statute. So I'm going to start with that and work through that first. And in so doing, the question that comes to mind immediately for me is once, okay, that you have a statutory compliance issue. The schools are having to ensure that certain reading material doesn't fit certain criteria, objectionable criteria. That's all fine and good, but once you invite the parents in, why have you not created some forum where we're going to have to conduct our First Amendment analysis? I think that'll be clear as I walk through this. That is an outstanding question, but I think it'll be really clear because we've only talked about part of the process and one specific reason for objections. That is that it's unlawful to have material. The process is much broader than that and includes a lot of other grounds for objection that parents could make. And so it sort of helps to understand that. We start with both statutes, 1006-28 and 1006-40, start with the proposition that it is the local school boards that are invested with the discretion to determine what material should be in their local schools. It is not the state. It is the local school board. That is the mandate. And we know from American Library Association, other cases, that those school boards exercise broad discretion. That's not a question. They get to choose. My colleague said, and it's true, that there doesn't have to be a forum at all for input. The state could simply through its local school boards. Right, but the problem is once you open up a forum, it's hard to, I mean, I don't see how you can open it up to one group of people but not another. I mean, that seems problematic, especially because of the financial penalty that a local school district incurs if it does not sustain an objection. Okay, let me just back up and talk about, so the statute did several things. One, it added to the category of prohibited material, sexually explicit material as defined in a criminal statute in Florida. Two, it required the State Board of Education to come up with an objection form process so that the state could review and then it declared that the State Board of Education would come up with a process for state review of these discretionary decisions and non-discretionary decisions because if the content is prohibited, it is not a discretionary decision on the part of the school board. So there is a huge difference when you talk about objections as to whether it's an objection to illegal material or an objection to other material. But here's the problem. I mean, you have categories like inappropriate for the age. And so that's not really, I mean, that's a little, that's not quite a black and white criteria when you're talking about books. And the reason it's not is because that requires a balancing, considering the age of the child, of whatever objectionable material you think is in there against any redemptive or educational value the work as a whole may have. And so, so that, I mean, to that extent, discretion plays into it maybe in the, at the local school board level. But discretion also plays into it at the state level. I mean, why is that not the case? In determining what is illegal content, there, there could be a disagreement at the state level and the local level. That's true. Because I'm sure that there is a range of what would be age inappropriate, just like the other categories of illegal material. Let me point to 1,631, which is the other major category of materials that this statutory directive and rule addresses. And that is that the material has to be accurate. It has to be objective. It has to be balanced. It has to be non-inflammatory. I'm sorry, it has to be accurate. Yeah. But if we're talking about like a work of fiction, what does that mean? It wouldn't apply necessarily to a work of fiction, whether it's accurate or not. Okay. But, but these are, these are, these are statutory directives to the school boards when you're considering objections. These are bases for objections. And there is no review from these decisions, whether you think the material ought to be retained or you think it ought to be removed. There aren't, there's none. So it, current, and that it must portray fairly and accurately the diversity of our society and culture. It must promote the humane treatment of people and animals. There's, there are a whole list and category of, of, in, in 31. And then in 1,628, 2B, there is the narrow category of prohibited illegal material. And so the state legislature directed the State Board of Education to come up with a rule to deal with all of this material. And what they did in 6A701, 70714, is come up with an objection form, as they were instructed to do, and it has two parts. The first part is for that broad reasons that are, that are in that, in that statute. Part two of the form is this is illegal banned material. You can't have this in the school system. But I'm sorry, I want to just get back to the not accurate. I'm sorry, I'm just, I want to make sure I understand. Let's say you have a work of fiction. I know you said it wouldn't be applicable there, but what if in the work of with a certain assigned birth, you know, is, says that he or she is, is transgender or is gay? Does that make it inaccurate? I mean, there might be some other reason that you think it's, that you would object to it, I guess. But does that make it inaccurate? I'm just trying to figure out how the state is using these criteria. This is the criteria in the statute. Right, and that's why I'm trying to figure out how the state's using it. And the state doesn't review those decisions on accuracy, except that the rule provides that by June 30th of each year, each school board shall convey to the state a list of all objections on all bases that are made, and what, what happened with the objection, a description of the material, and that kind of thing. But the state doesn't have a hearing process, so. Except that if the local school board denies the objection, then it can be appealed, and the local school board will go ahead, and then the state's, the state board of education will then, unless maybe I'm misunderstanding, will then go ahead and determine whether the criteria have been satisfied. Isn't that right? Not with respect to inaccuracy or anything other than the prohibited material. With respect to all the other grounds for. Okay, let's be specific, because I want to make sure that I'm understanding. Yes. Which specific things does the state board then evaluate in determining whether to sustain an objection that the local school board denied? Okay, so use your example. The parent objects to the material that you just described because they say it's inaccurate. The school board makes whatever decision it makes, and, and that's the end of it. Except that, that book goes, that material goes on a list, and then the state gets that list at the end of the year. No, because you're, you're assuming that they sustain the objection, and my hypothetical is they deny the objection, and so it gets appealed to the state. Right, and that's because the way the rules work is that there are two parts to the objection form, and if the objection, it has to be an objection to part two, the illegal material. That's the only material that gets reviewed, and, and that's because, I mean, if there's an objection based on the fact that this is pornographic, the school board could look at it and say, yeah, I don't think it's pornographic, but for some other reason, because we have broad discretion, we're not going to keep this book or this material, and, and then that, that would be the end of it. So there's discretion on the side. The only decisions that are reviewed are the non-discretionary decisions where they, where there's a potential that they are violating the law by keeping material that is not, that is prohibited by state law. You're saying that the accuracy, the accuracy question, parents can raise an objection, but there's no prohibition such that, win or lose, there's no appeal for that, right? That's correct. So, so to use, I think, maybe a less, I don't know, contagious example right now, if a parent, if a parent hears that their child is studying the moon landing and is convinced that there is no moon landing, and they raise an objection, they say, this is not accurate. The state, the local board likely, I hope, says, yes, it is, we're keeping this lesson, right? There is no appeal of that, correct? Am I understanding correctly? That is correct, and you have to look all the way to 6A1.094126, which is this Florida Administrative Code rule that sets the template and the appeal process, and then there's a link to that, to the form that's used, and the form is, for appeal, is only available. Okay, so, so next question. What if this same parent is a lawyer and an effective reader of statutes and says, dear board, this information about the moon landing is inappropriate for my child because they are too young to question this, you know, government propaganda that is giving them this false information. I think that until they're in high school, they shouldn't be exposed to this, you know, terrible propaganda. Therefore, I object, right? So, at that point, it's inappropriate for age objection. And that would allow them to fill out a form that would get them a potential hearing because the form, section two of the objection form, if you, if you're, the book is retained, the material is retained, then you get to fill out another form that says, I objected timely, this is the process, this is what happened, they kept the material anyway, I was alleging that it was illegal, unauthorized content. It goes to the department of education, the secretary looks at it, the secretary, at that point, with your example, would say, this is not a close call. And there would be no hearing because this, if this is... So, the secretary has to approve whether the appeal takes place. The parent can seek the but the secretary has to approve whether the appeal happens. Whether a hearing officer is appointed, that's correct. Okay. But the school has to pay for the hearing officer. If they're appointed. If they're appointed. So, why, here's a concern that I have, why isn't the school incentivized to just avoid the administrative hassle, even if they think that the board, that the state board will not go forward with this. Why isn't the school incentivized to avoid the hassle, much less the risk of expense, but even just the hassle and say, you know what, we don't cover this for very long in fourth grade, let's just cut it, that's fine, it's not worth the trouble. Why doesn't that put a thumb on the scale, not of following the law, but of, you know, overextending the law? I would say that if you look at American Library Association, United States versus American Library Association, that fits almost perfectly to what we're talking about here. It's an area where the government has broad discretion, which is invested in the local school boards here. It's an area where the state's interest is in protecting children, which is a compelling state interest, even though that was a plurality opinion, every justice agreed. That seems very different though, right? Because in American Library Association, what happened was Congress said, if you want us to pay for your internet, then you need to put certain kinds of blockers on the internet. And that was it. And if you don't want to put those blockers on, that's fine, but we're not going to pay for your internet. There was no invitation to the public or some of the public, some limited portion of the public to weigh in on that, on what kind of blockers should be put in place or whether the blockers had been appropriately put into place. There was no financial penalty for if somebody disagreed with the way that the blockers were put into place, some member of the public, you know, and they sought to appeal it in some way or complain about it. There's no financial penalty for not, you know, doing what the parent wants them to do. This seems very different because now you're involving the public in this, in some kind of, you know, kind of complaint mechanism, but you're not involving the whole public. You're involving only those members of the public who want to censor the books. Why is ALA instructive here, given the different factual scenario? I think you've highlighted one way that it's different, that the public is involved, but this process serves the same function as the internet filtering software. It is a state, Board of Education, trying to assure that... But even so, right? I mean, the fact that the public is involved in the, let's say, internet filtering here, the equivalent of the internet filtering here, does make a very significant difference for purposes of the First Amendment. Why doesn't it? In Nussbaum, I think Judge Toflat accurately said that when the government speaks, and I believe that this is government speech, this is one way to handle it, that this is the into a library. The fact that the public is involved in a narrow way doesn't affect the analysis, if it's still the government. And the only appeals that happen, happen again to potentially illegally retained material. And the parent, the objector, is serving... But another way of looking at potentially illegally retained material is potentially not illegally retained material, right? Yes. So, and there's nobody there, nobody who wants to advocate for that side of things is able to do so. That viewpoint is disallowed. Well, with respect to the only category of material that can be appealed, the viewpoint is the same as the school board. And so the school board is there representing their viewpoint, the viewpoint that the material should be retained. And when you're talking about the vast other categories of material that exist out there, then there is no process at the state level except the reporting process in which no parent is involved. This brings me back to my question that you said, let me talk about the regulatory scheme. So let's come back to that question, which is, okay, you do have a statute that is designed for the school board to figure out what materials fall into the statutory prohibited categories. But you've invited the parents into the process. Tell me why, by inviting them in, we are not now conducting a First Amendment forum analysis. At one level, you are. The state created a very open forum with robust participation from both sides at the school board level where the decision is made. And so that's an open forum. But when you look at the purpose and how the appeal process works, that's just not any kind of traditional forum or non-traditional forum. It is an administrative forum. There is a parent there because the parent objected. In order to say this is the material, this is what I thought. By pointing to this open forum, which the open forum you're pointing to is before any parent has filed an objection, the school board meetings or whatever, any parent can weigh in is what you're pointing to, correct? Well, any parent can weigh in initially. But then the statute and rules mandate that if there's an objection, parents can weigh in on both sides in front of the school board. We're talking about the statute, and so now you're pointing back to a process that we're talking about the regulation. You're now pointing to a process that occurs, the school board meetings, before we start running into this regulatory process. How are you not running square into our honeyfund.com case that says the fact that other avenues of expression exist does not excuse the constitutional problem posed by, in that case, speech ban, but posed by the regulatory scheme here? Honey fund was a direct regulation of speech. You cannot say to your employees this, this, and this. You can't have a employee meeting that talks about these things. That's categorically different. I mean, that's a viewpoint that you cannot express. And what we're talking about here is really is a legal status that I was an objector, and the school board made a non-discretionary decision to keep the material. That's because I've done it on the non-discretionary part of the form. And so, that is not a viewpoint. That is, I'm the one that filed the objection to potentially illegal material, and that's what triggers the state process. And that straight state process is, if a hearing is held, is one that is very narrow with parties like any other administrative proceeding, and I've never seen a case anywhere that says an administrative proceeding is an open forum. It's just inconsistent with forum analysis altogether. But at this limited hearing, you have very specific parental involvement. Only the objecting, the initial objecting parent. That's correct. There is no place for parents who disagree with the objecting parent to voice their concerns at this hearing. That's correct. And so, why are we not doing the forum analysis? So, if you're talking about viewpoint discrimination, the viewpoint that that material should be retained is represented by the school board that made the decision. But it's not a general viewpoint that material should be removed. That doesn't get you access to the state review process, because someone could object to the Bible on some grounds. It's not current or something like that. The school board decided to remove it, and the parents who objected to that do not have access to the state review process, even though, I mean, it just, it doesn't fit the entire scheme when you look at the regulation in total. And I don't know how the state board of education could have written its rules any other way and still left discretion in the local school boards, or how they could have, and this is the other way it's like. What if, what if there was one stage of the process, right, where a parent thought that a book qualified as disallowed and took it to the school board, the local board, just like here, and then the state looked at all of those decisions and decided whether, and whether a special master should be appointed or special magistrate. Why wouldn't, why wouldn't that do a better job of respecting the contours of the law rather than setting up only one sort of decision for appeal? Okay, I guess that goes back to my question of why isn't this law set up, or this regulation, I should say, I don't know that the law is, with a thumb on the scale toward restriction. All the incentives are toward restriction rather than necessarily toward evaluating whether the materials are, in fact, a violation of the state restrictions. I, I haven't seen any First Amendment principles that suggest that this kind of secondary effect is, I mean, that's why I think that American Library Association is, is relevant because that was the claim there. This filtering software is, does too much. It filters out too much. I, I, and the expense of having a system that reviewed everything, that every 67, all 67, the system takes for granted that a decision to remove a book was correct, but it does not take for granted that a decision to keep a book was correct. I, I think it recognizes that because that broad discretion is invested in the local school board, that the school board's removal decision may not be because the school board thinks it's illegal. It could be for another reason. And so reviewing that gets it, the dividing line is, is this a discretionary decision or a non-discretionary decision where you potentially violated the law? But you only review, it's only set for the state board to review one kind of discretionary decision, right? Yes, because if you, if the, if it's removed, there's no potential violation of the law. If the book is removed. Is it? Because, I guess, is it, that's an interesting question, because is it a violation maybe it's not as direct of a violation of the law, but if a book is removed as, we'll pick the easy example, pornographic, but it's not really pornographic, is that in some sense a violation of the law? No, because the school board's invested with broad discretion in this area to retain or remove material as it deems fit for any reason. One of, one of the books at issue here, and it's a story about a tragic incident in which a young woman, child, was, was kidnapped and sexually assaulted, and it was just a horrible, and I don't know if it's illegal or not illegal, and, but it was, I can, I mean the school, it was the school board's as to that book, and the state is, the state cannot respect the broad discretion that the statute gives to local school boards as to what material they want to have and review everything. But the problem is, if a school board winds up saying, or just sort of acquiescing in a decide that the material satisfies the criteria, even though they don't really think it does, there's a financial incentive for them to remove the book, even though they are not exercising discretion to do so. They're doing it purely because they aren't sure how the, the state school board, the state's education board will decide, and they don't want to impose the financial penalty on themselves of having to pay a trained attorney to act as the special magistrate. Isn't that true? A school board could make that decision. That would be correct. That could be an incident of only, only policing for violations of the law. And that is a, and that is a factor of the way that the regulation is set up, which imposes this financial penalty. I mean, the statute does, but it's because the regulation allows for only one side to appeal. That, I don't know how that fits into the question of whether the state opened a forum, and if it did, which I don't believe it did in any, any traditional sense, that they are viewpoint discriminating by doing so, which is the First Amendment analysis. The, that secondary argument is that there may be some chilling effect on the decision maker that has discretion, but that doesn't mean that the viewpoint isn't, isn't represented in the forum, if you say it's a forum that was created. All right. I actually, sorry, one more. I think maybe you were trying to get here earlier. Can you tell us exactly what happens once this, this set of, of denials is reviewed by the state to send to a special master? Is that, that's correct, right? Correct. And then what does the, the special magistrate do at that point? What is their charge? Their charge is to look at the material, take the evidence, and make a recommendation to the State Board of Education based on looking at has the school system properly followed the procedures that they were required to follow? So what, tell me, walk me through what that means. If the, I don't, I don't recall what the procedures are, but if they're, say the procedures are you need to have two meetings and hear from three people, right? If the school board had, in fact, two meetings and heard from three people and reached a different substantive decision than the special magistrate would reach on, I guess we'll call it de novo review, what happens then? The report goes to the State Board of Education and, and for action at their discretion and what action that they can take is not laid out in the rule. Is that, is that action laid out somewhere else? Like does, does the State Board have enforcement powers in some other provision? Not that I'm aware of, no. And how many times has, has a school, a local school district contested, or I guess, how many times has a local school district not sustained a parent's objection? I'm not sure. Has it happened at all? Has it happened at all? I don't know. Isn't that something that would be interesting to know? I mean, to see whether the, the regulation is chilling speech here? I think that would be a different claim and that would be one that would need to be made on a different record. All right. The record here was. One follow up from our last colloquy. If, if the role of the special magistrate is to determine if the appropriate process was followed, then why would they be invited or even allowed to include their substantive view about whether the decision was correct versus whether the process was followed? So, the question is, why would they be allowed to? Right. You're, what, what I think I understand you to be saying is the role of the special magistrate is to ensure that the school district did what it's required to do to evaluate whether this book did or didn't fall under those prohibited criteria, right? Mm hmm. If the question is whether the school district followed the appropriate procedures, then why would the special magistrate also say what they thought the substantive result of those procedures should have been? On the form, one of the, one of the requirements is that the objector needs to put what they school board should have done and, and, and that analyzing that, that would be where the, the hearing officer would have a view. But is that about, is that about the procedures? That isn't, no. So, so I don't, I don't think it's fair to say that the role of the special magistrate is limited to evaluating whether the procedures are followed, is it? No. Thank you. Okay. Thank you. And Ms. Menschel, I'm not even going to, I'm not even going to give you the extra time because if we have more questions, we'll ask them. Thank you. Can I ask you a question right off the bat?  The way I view this process, as we've been talking about it, is there are two phases of parental involvement. One, any parent can object to a book that's in the library. School board makes a determination, and if the school board says, I disagree with the parent, then the objecting parent can go on to an appeals process. Suppose there was no appeals process in the hypothetical that I'm talking about. We just have that phase one. Is there a constitutional challenge to phase one? I mean, certainly I think as your hypothetical implies, Your Honor, that would be a different case. I think that maybe is probably the answer, but I think there the question would be about what is the process? What is the purpose? What is the forum for that objection? What's the purpose of opening up that avenue? And here, going back to the statutory purpose, it's about allowing parents to disagree with the decisions of their local branch of government. So we could change the facts, make it not about books or school libraries at all, and I think that helps a little bit. What I'm getting at is you're focusing on phase two only, correct?  Okay. If you think about this as, for example, if the state had said, we need to have an eight hour school day or 10 hour, whatever the number is, and now we're going to say, go out and school districts, you should implement this as you see fit. And now a parent who, and any parent who disagrees with the implementation can come to the state and complain about the implementation. Let's say that that was a process that the state chose to create. But in order to get in to complain, you have to say that you agreed with the eight hour school day in the first instance. That's the equivalent of what's happening here. Because you have to agree with the idea of removing a book in the first instance. But you're not objecting to the phase one here, even though the only parents who can walk in the door are the parents who object. That's correct, Your Honor.  I, how, obviously, it would not make sense, I think, in phase one to open it up to parents who thought that certain books should not be in the school in the way they are, right? And also parents who thought that the curriculum was great, right? They're like, I love Toni Morrison, keep on doing what you're doing. That just wouldn't make sense. Um, so if there's not, as I think maybe Judge Branch was suggesting, a forum problem for the first step, right? Because maybe it's a non-public forum limited to people who have an objection. And that makes sense because the purpose of the statute is to make sure that the schools are, you know, following this set of restrictions. Then the second forum is similar, the second part of the forum is similarly limited to parents who object, right? I wonder why, um, why you could have a forum in one place that's limited to a certain viewpoint that's okay. And maybe you're not going to concede that it's okay, but I think it probably is. And then the forum in the second, the second forum is similarly limited, but that's not okay. I wonder why, I think if I were on a school district, I would probably have a very, um, I might think that I should sue over that because perhaps, I don't know enough about the particulars of Florida law, but perhaps this is a tool that gives the state, the state board more control in terms of putting a thumb on the scale to over-enforcement than state law might suggest is there, right? So maybe a school district would say it's improper for you, state board, to put a thumb on the scale toward cutting rather than toward accuracy, right? I think, because I do think this system is designed to encourage restriction, right? There's, there's incentive for a school to cut back, but not an incentive for a school to stick with its book, even if it thinks that it does not qualify as prohibited. So I know we're walking through a lot of steps, right? I think so. Would you agree that the incentives are on the school districts to cut rather than keep regardless of their actual view of whether a book is banned, should be banned under the law? Yes, your honor. Okay, so if that's true, then why is it a question of parent viewpoint versus school district authority? Well, I think your honor, and I apologize if I missed something. There are a lot of steps, I understand. In what you were laying out, but I think part of this goes back to the fact that sort of what happens at that first stage is largely beside the point in this instance. And I understand what you're saying, but the point here is, first of all, if the school district has a perspective, that doesn't, on this one way or another, they certainly could voice it, but that doesn't change the fact that the appellants, the parents here also have their First Amendment rights. So the fact that somebody else might be voicing a similar opinion or perspective as counsel said, oh, that perspective is representative. Well, these parents want to express their perspective on disagreeing with the local school board decision. So doesn't, at the first step, when you, when somebody objects, isn't there an open school board hearing at which either side can be heard? Yes, Your Honor. And so doesn't that make it substantively different from the appeal? Yes. I think, Your Honor, part of what I understood Judge Grant to be asking about was who can initiate that process. And that is certainly true that a parent, that there are bases for objections. But at the same time, as Your Honor just suggested, everybody can voice their comments. And frankly, the initial hearing, both sides, the parent who objects raises the objection, but both sides can engage.  Got it. Okay. And there's public comments at school board hearings and things along those lines as well. And then at the second stage, obviously there is no second stage if the book is banned, but there is a second stage if the book is retained. That's correct, Your Honor. Or there could be. There could be, right. The state board could order a special magistrate to consider this matter. And then before the special magistrate, who has the authority to appear or the ability to appear? The school district and the parent who objected to the decision not. Right. Okay. But no other parent. Correct, Your Honor. Participants. Got it. I would say it's not discretionary about whether to appoint a special magistrate. I know this was in the briefing a little bit, but there are set out reasons in the rule that the Board of Education can decide not to appoint a special magistrate. They are specific. What's an example of some of those? I think it's some of the things. I think some of the things are that you don't have a child in the school district is one of the things. I can find it in the briefing, but that is the one that comes to mind off the top of my head. I would also say. But nothing about the substantive content of the decision. It's more about kind of in the same way that a person who lives outside of the county can't speak at the county commission meeting. That sort of a thing. Yes, I believe that's right, Your Honor. When those people have been screened out in the first place. It is in part through that decision making. I mean, there is under the, as I read it, a parent, if you're not a parent, but you are a resident of the school district, you can make one objection a month, right? Yes, Your Honor. And so are you, I mean, maybe this is getting too into the nitty gritty, but maybe what you're saying is, or at least what I understood you to be saying is, if you're not a parent, even if you're a resident and could have made the objection in the first place, you cannot, you could be denied, you could be denied the appeal. Is that what you're saying? You could maybe be not able to access that process. I believe the reasons are in the appellee's brief at page 13. And it's, you know, it's things like whether the parent who's seeking relief through the magistrate process has already sought relief in court, things along those lines, so that this would be duplicative. And there's reasons like that. So I have another hypothetical. So this is not this situation. If the school in this phase one that I'm referring to set up a process where a parent could object to the inclusion of a book in the school library, but there was no open forum, no school board meeting where this was going to be discussed, would you be challenging that as well? I mean, not knowing the specifics. That seems to me to raise some constitutional concerns, yes. I would just say the one other point that I wanted to raise was, even if counsel was talking about how, well, the State Board of Education doesn't necessarily have to accept the special magistrate's recommendation, even if they don't, the school board would still the financial penalty for having had the special magistrate appointed in the first instance. All right, one more question. Do you have any concern about creating an incentive to have no parent input rather than some parent input into the content of what's taught in schools? I mean, Your Honor, I think that if the question was at the stage one to Judge Branch's question, I think that probably would raise potential problems. But I think here, because this process, this forum, this opportunity didn't exist in the first instance, I don't think it necessarily needs to exist. But once it did, I do have concerns about it being tipped. If it didn't exist, I don't know whether I would have concerns or not. Thank you. All right. Thank you very much, counsel, and we are adjourned.